**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:26-cv-3785 |
| UNITED STATES DEPARTMENT OF COMMERCE; UNITED STATES DEPARTMENT OF THE INTERIOR, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      The Department of Commerce (DOC) and the Department of the Interior (DOI) (collectively, "the Agencies") are violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to disclose records that Plaintiff Natural Resources Defense Council, Inc. (NRDC) has requested.

2.      NRDC submitted four FOIA requests to DOC and one FOIA request to DOI. These requests collectively seek information about the Agencies' review of marine national monuments, recommendations on whether to open any marine monument to commercial fishing, and any related correspondence between the Agencies and non-governmental entities. The statutory deadlines have passed, but the Agencies have not responded.

3.      While Plaintiff has been waiting for the release of these records, President Donald Trump issued a presidential proclamation intended to open the

1

Northeast Canyons and Seamounts Marine National Monument ("Northeast Canyons" or "the Monument") to commercial fishing. And the National Marine Fisheries Service (NMFS), an office of the National Oceanic and Atmospheric Administration (NOAA) within DOC, rescinded the regulations restricting commercial fishing in the Monument.

4.      NRDC has advocated to protect the Monument from commercial fishing for over a decade. Even low levels of commercial fishing will damage or destroy many of the objects of historic or scientific interest within the Monument and will negatively impact the diverse wildlife, including several endangered or threatened species, that make their home in the unique Monument ecosystems.

5.      NRDC brings this case to compel the Agencies to release records of significant importance to the general public, including DOC and DOI's input into the decision to open the Monument to commercial fishing. The Agencies' failure to timely disclose the records NRDC seeks shields their decision-making from public scrutiny, in violation of FOIA.

6.      NRDC seeks a declaration that DOI and DOC violated FOIA by failing to provide a final determination on NRDC's requests and by failing to promptly produce all responsive, non-exempt records. NRDC also seeks an injunction ordering the Agencies to provide the requested records without further delay.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8.    Venue is proper in the Southern District of New York because NRDC maintains its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(c)(2), (e)(1).

## THE PARTIES

9.    Plaintiff NRDC is a nonprofit advocacy organization with hundreds of thousands of members in the United States. NRDC engages in research, advocacy, public education, and litigation on behalf of its members to safeguard the earth—its people, plants, animals, and the natural systems on which all life depends. NRDC's headquarters is located at 40 West 20th St., New York, New York 10011.

10.    Defendants DOC and DOI are federal agencies within the meaning of FOIA, 5 U.S.C. § 551(1). The Agencies possess and/or control the records NRDC seeks in this action.

## STATUTORY AND REGULATORY FRAMEWORK

11.    FOIA requires federal agencies to release records to the public upon request unless a statutory exemption from disclosure applies. *Id.* § 552(a)-(b).

12.    Within 20 business days of when an agency receives a FOIA request, the agency must determine whether to comply with the request and notify the requester of its determination. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 15 C.F.R. § 4.6(b) (DOC regulations); 43 C.F.R. § 2.16(a) (DOI regulations).

13.    If the agency determines that it will comply with a FOIA request, it must "promptly" produce responsive records to the requester. 5 U.S.C. § 552(a)(6)(C)(i).

14.    In "unusual circumstances," an agency may extend this 20-day time limit by up to 10 business days by providing written notice to the requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i); *see also* 15 C.F.R. § 4.6(d)(1); 43 C.F.R. § 2.19(a), (b).

15.    "Unusual circumstances" include "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request"; "the need to search for, collect, and [] examine a voluminous amount of separate and distinct records"; or "the need for consultation . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii); *see also* 15 C.F.R. § 4.6(d)(2); 43 C.F.R. § 2.70.

16.    If the agency seeks an extension greater than 10 business days, it must allow the requester an opportunity to modify his or her request or to arrange for an alternative time frame for completion of the agency's processing. 5 U.S.C. § 552(a)(6)(B)(ii); *see also* 15 C.F.R. § 4.6(d)(1); 43 C.F.R. § 2.19(b).

17.    FOIA requires an agency to waive or reduce fees applicable to the processing of a request when "disclosure of the information is in the public interest

4

because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 15 C.F.R. § 4.11(l); 43 C.F.R. § 2.45(a).

18.    FOIA entitles representatives of the news media to a fee reduction. 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 15 C.F.R. § 4.11(d)(1); 43 C.F.R. §§ 2.38, 2.39 (noting that the Agencies waive search fees, but not all duplication fees, for members of the news media).

19.    If the agency fails to respond to a FOIA request by the statutory deadline, the requestor may immediately seek judicial relief. 5 U.S.C. § 552(a)(6)(C)(i).

20.    FOIA authorizes district courts to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

**FACTUAL BACKGROUND**

21.    Northeast Canyons is the first and only U.S. national monument in the Atlantic Ocean, located roughly 130 miles southeast of Cape Cod, Massachusetts.

22.    The Monument protects 4,913 square miles of diverse marine ecosystems, including four extinct undersea volcanoes (seamounts) and three deep-sea canyons. These spectacular ocean features are unique in U.S. Atlantic waters and sustain unparalleled biodiversity.

23.    The Monument contains complex biological hotspots that offer food, shelter, and nursery habitats to diverse and abundant sea life, including ancient deep-sea corals. Its waters provide an important feeding ground for seabirds, marine mammals, sea turtles, and a wide variety of fish.

24.    Commercial fishing in the Monument threatens the objects of historic and scientific interest that spurred its designation, including the canyons and seamounts themselves, ancient deep-sea corals, and the many species they sustain.

25.    In 2014, NRDC and several partner organizations began an effort to petition for protections in the Monument. *See* Melissa Denchak, "What It Took to Create the Atlantic's First Marine National Monument," NRDC (Oct. 4, 2016), https://www.nrdc.org/stories/what-it-took-create-atlantics-first-marine-national-monument.

26.    President Obama designated the Monument in 2016 pursuant to the Antiquities Act of 1906, 54 U.S.C. § 320301. *See* Proclamation No. 9496, 81 Fed. Reg. 65161 (Sept. 21, 2016). This designation prohibited commercial extractive activities, including commercial fishing, to protect the Monument's sensitive web of marine species and ecosystems.

27.    On June 5, 2020, President Trump issued a proclamation purporting to "amend[]" the 2016 Proclamation by revoking its prohibition against commercial fishing in the Monument. Proclamation No. 10049, 85 Fed. Reg. 35793 (June 11, 2020) ("Modifying the Northeast Canyons and Seamounts Marine National Monument").

6

28.    President Biden then issued a proclamation restoring the Monument, including the ban against commercial fishing. Proclamation No. 10287, 86 Fed. Reg. 57349 (Oct. 15, 2021).

29.    During the Biden administration, NOAA issued a final rule prohibiting commercial fishing in the Monument on February 16, 2024. 89 Fed. Reg. 12282 (Feb. 16, 2024). That rule stated: "It is unlawful for any person to . . . [f]ish for commercial purposes within the Northeast Canyons and Seamounts Marine National Monument . . . consistent with Presidential Proclamations 9496 and 10287." 50 C.F.R. § 600.725(x) (2024).

30.    On April 17, 2025, President Trump issued Executive Order 14276, titled "Restoring American Seafood Competitiveness," which states in part: "Within 180 days of the date of this order, the Secretary of Commerce, in consultation with the Secretary of the Interior, shall review all existing marine national monuments and provide recommendations to the President of any that should be opened to commercial fishing." Exec. Order No. 14276, Sec. 4(h), 90 Fed. Reg. 16993, 16995 (Apr. 17, 2025).

31.    Although the Agencies did not solicit public comments, NRDC submitted a letter to DOC and DOI after the Proclamation stating that even low levels of commercial fishing could harm the Monument's objects of historic or scientific interest.

32.    On February 6, 2026, President Trump issued Proclamation 11009 titled, "Unleashing American Commercial Fishing in the Atlantic." Proclamation

No. 11009, 91 Fed. Reg. 6489 (Feb. 11, 2026). This proclamation purported to lift the commercial fishing ban within the Monument.

33.    On April 6, 2026, NMFS published a final rule rescinding 50 C.F.R. § 600.725(x), the regulation prohibiting commercial fishing in the Monument. 91 Fed. Reg. 17159 (Apr. 6, 2026). NMFS promulgated this final rule without advanced notice to the public or any request for public comment, claiming the Administrative Procedure Act's "good cause" exception. *Id.* at 17159 (citing 5 U.S.C. § 553(b)(B) and (d)(3)). NMFS represented that this final rule "merely conforms U.S. fishing regulations to the requirements of the Antiquities Act and [Proclamation 11,009]," and public comment was "unnecessary because NMFS has no ability for public comment to inform decision-making." *Id.*

34.    Each time President Trump has purported to lift the commercial fishing ban in the Monument, Plaintiff and others have sued. *Conservation L. Found. v. Trump*, No. 20-CV-1589 (D.D.C. filed June 17, 2020); *Conservation L. Found. v. Trump*, No. 26-CV-1528 (D.D.C. filed May 4, 2026).

### December 2025 Requests

35.    On December 2 and 3, 2025, NRDC sent two FOIA requests to DOC—one to the DOC Office of the Secretary (OS) and another to NOAA. *See* Exhibits A & B (collectively, "December 2025 requests").

36.    The December 2, 2025 request asked DOC OS to produce any recommendations to open a marine national monument to commercial fishing by the Secretary of Commerce, in consultation with the Secretary of the Interior,

pursuant to Executive Order 14276 issued on April 17, 2025 and titled "Restoring American Seafood Competitiveness."

37.    NRDC expected the records to be no more than a few documents.

38.    NRDC's FOIA request asked DOC OS to waive the fee the agency would otherwise charge to search for and produce responsive documents. NRDC's request explained that it met the requirements for a public interest fee waiver, and in the alternative, it would be entitled to a fee reduction as a representative of the news media.

39.    DOC OS assigned NRDC's FOIA request an agency tracking number of DOC-OS-2026-000788.

40.    DOC OS acknowledged receipt of NRDC's FOIA request on December 22, 2025. In its acknowledgment letter, DOC OS claimed that "unusual circumstances" would preclude its ability to meet the statutory 20-business-day deadline. DOC OS did not estimate a date of completion.

41.    Also in its acknowledgment letter, DOC OS indicated that it would make a determination regarding NRDC's request for a fee waiver at a later date.

42.    On March 13, 2026, NRDC emailed the DOC OS FOIA liaison requesting a status update and asking if there was anything to discuss to expedite production of the requested documents.

43.    DOC OS responded on March 13, 2026, that the estimated completion date for NRDC's request was "May 11, 2027, or sooner." DOC OS noted that "FOIA

requests are processed in the order they are received" and that it was working through backlogged requests.

44.     NRDC followed up on April 3, 2026, to request a meeting with DOC OS to better understand why it would take roughly a year and a half for DOC OS to respond to the request. DOC OS declined a meeting.

45.     DOC OS did not provide an opportunity to modify the request or to arrange for an alternative time frame for completion of the agency's processing.

46.     On April 30, 2026, NRDC emailed the FOIA liaison at DOC OS to ask whether the agency would grant its fee waiver request. The FOIA liaison replied that the agency would make a fee waiver determination at a later date.

47.     DOC OS's 20-business-day statutory deadline to respond to the December 2 request was January 2, 2026, including federal holidays on December 24 and December 26, 2025. *See* Exec. Order No. 14371, 90 Fed. Reg. 60545 (Dec. 18, 2025). With a 10-workday extension, the deadline was January 16, 2026.

48.     As of the date of filing this Complaint, DOC OS has not produced any documents or otherwise issued a determination on the December 2 request.

49.     NRDC's December 3 request asked NOAA to produce any records pertaining to the review of existing marine monuments to open them to commercial fishing pursuant to Executive Order 14276.

50.     NRDC's December 3 request asked NOAA to waive the fee the agency would otherwise charge to search for and produce responsive documents. NRDC's

10

request explained that it met the requirements for a public interest fee waiver, and that it is entitled to a fee reduction as a representative of the news media.

51.    NOAA assigned NRDC's FOIA request an agency tracking number of DOC-NOAA-2026-000642.

52.    NOAA sent a letter acknowledging receipt of NRDC's FOIA request on December 3, 2025. In its acknowledgment letter, NOAA requested a ten-day extension of the 20-business-day statutory deadline for processing FOIA requests pursuant to its rule for "unusual circumstances," 15 C.F.R. § 4.6(c). NOAA stated that it anticipated responding to the request by January 16, 2026.

53.    NOAA did not mention or respond to NRDC's request for a fee waiver.

54.    Plaintiff met with a NMFS FOIA liaison on March 13, 2026, to discuss the status of the December 3 FOIA request. The NFMS FOIA liaison indicated that NOAA was processing the request but was not ready to produce documents.

55.    The NFMS FOIA liaison relayed on March 24, 2026, that the first set of productions in response to NRDC's December 3 request was under review with the NOAA General Counsel's office.

56.    On April 9, 2026, the NFMS FOIA liaison emailed that there was "no progress yet."

57.    On April 28, 2026, NRDC followed up about the request for the fee waiver. The NMFS FOIA liaison's response did not address the fee waiver request.

11

58.    NOAA's 20-business-day statutory deadline to respond to the request was January 5, 2026, including federal holidays on December 24 and December 26, 2025. With a ten-workday extension, the deadline was January 20, 2026.

59.    As of the date of filing this Complaint, NOAA has not produced any documents or otherwise issued a determination on the December 3 request.

60.    Neither NOAA nor DOC OS have informed NRDC whether DOC will grant or deny NRDC's requests for fee waivers on the December requests.

## February 2026 Requests

61.    Shortly after President Trump issued Proclamation 11009 opening the Monument to commercial fishing, NRDC submitted additional FOIA requests seeking information about the Proclamation.

62.    On February 26, 2026, NRDC submitted new FOIA requests to DOC OS and NOAA. *See* Exhibits C & D. The February requests to DOC OS and NOAA sought:

    a.  Any correspondence from DOC to permit holders and/or fishery management councils regarding Proclamation 11009 issued on February 6, 2026 and titled "Unleashing American Commercial Fishing in the Atlantic," or regarding fishing within Northeast Canyons.

    b.  Any report, review, or recommendation developed regarding marine national monuments in response to Executive Order 14276, issued

on April 17, 2025 and titled "Restoring American Seafood Competitiveness."

    c.   Documents containing factual information (including data calls and responses) on which the Secretary or his designee(s) relied to inform any report or recommendations relating to Northeast Canyons.

63.    NRDC identified the second portion of the request above—seeking any report, review, or recommendation developed in response to Executive Order 14276—as overlapping with our December requests, and stated that any documents produced in response to the December requests did not need to be reproduced.

64.    NOAA assigned NRDC's February FOIA request an agency tracking number of DOC-NOAA-2026-001271.

65.    NOAA acknowledged the February FOIA request on February 26, 2026. In its acknowledgment letter, NOAA requested a ten-day extension of the 20-business-day statutory deadline for processing FOIA requests pursuant to its rule for "unusual circumstances," 15 C.F.R. § 4.6(c). NOAA stated that it anticipated responding to the request by April 9, 2026.

66.    On February 26, 2026, NOAA granted NRDC's request for a waiver of fees, in accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and 15 C.F.R. § 4.11(l).

67.    In an email on March 4, 2026, DOC consolidated the requests to DOC OS and NOAA under the same agency tracking number, DOC-NOAA-2026-001271. DOC closed the February request pending before DOC OS.

68.    During the same March 13, 2026 meeting about the December 2 FOIA request, and in an email on March 26, 2026, the FOIA liaison for NOAA indicated that NMFS's Greater Atlantic Regional Fisheries Office was working on an initial review on NRDC's February 26 request.

69.    DOC's 20-business-day statutory deadline to respond to the consolidated February 26 request was March 26, 2026. The deadline with a 10-workday extension was April 9, 2026.

70.    As of the date of filing this Complaint, DOC has not produced any documents or otherwise issued a determination on the NRDC's February 26 FOIA request.

71.    On February 26, 2026, NRDC submitted a FOIA request to DOI that was similar to the requests to DOC. *See* Exhibit E. The February 26 request to DOI sought:

   a.    Any report, review, feedback, or recommendation developed by DOI or DOC regarding marine national monuments in response to Executive Order 14276, issued on April 17, 2025 and titled "Restoring American Seafood Competitiveness."

14

b. Any correspondence, meeting notes, or other documents involving communications with non-governmental entities relating to EO 14,276 and/or Northeast Canyons.

c. Documents containing factual information (including data calls and responses) on which the Secretary or his designee(s) relied to inform any report, recommendation, or feedback to DOC relating to Northeast Canyons.

72. DOI assigned NDRC's FOIA request an agency tracking number of DOI-2026-004202.

73. DOI acknowledged NRDC's FOIA request on March 10, 2026.

74. In its acknowledgment letter, DOI invoked "unusual circumstances" to claim a 10-workday extension pursuant to 43 C.F.R. § 2.19.

75. DOI's acknowledgment letter classified NRDC as a representative of the news media entitled to reduced fees and stated that DOI did not anticipate there would be billable fees for processing NRDC's request.

76. On April 21, 2026, NRDC emailed DOI requesting a status update. A FOIA representative at DOI's Office of the Secretary responded on April 27, 2026 that the search for this request was ongoing but that the majority of the records were likely with the Fish and Wildlife Service. Also on April 27, 2026, the Fish and Wildlife Service sent a letter stating that the agency had classified NRDC's request as "complex" and would dispatch a determination by November 2, 2026.

77.    DOI's 20-business-day statutory deadline to respond to the request was March 26, 2026. With a ten-workday extension, the deadline was April 9, 2026.

78.    As of the date of filing this Complaint, DOI has not produced any documents or otherwise issued a determination on the February 2026 request.

### Purpose of NRDC's Requests

79.    The rollback of commercial fishing restrictions in the Monument have generated significant public attention. *See, e.g.*, Maxine Joselow, *Trump Opens Marine National Monument in Atlantic to Commercial Fishing*, N.Y. Times (Feb. 6, 2026), https://perma.cc/A2HT-4ANG; Rob Hutchins, *Trump opens vast Atlantic marine monument for commercial fishing*, Oceanographic (Feb. 10, 2026), https://perma.cc/76SG-SLUZ .

80.    NRDC requested these records to pursue its interest in informing members of the public about the government's actions to roll back protections in the Monument. The Agencies' failure to disclose the records prevents NRDC and the public from understanding these actions.

81.    Obtaining this information is important to NRDC's organizational goals of protecting the oceans and the creatures they contain, informing the public of the government's actions concerning our natural environment, and safeguarding the earth. NRDC regularly publishes information on its website about the Monument, other marine national monuments, and agency decision-making. NRDC would likely use the information gained through this FOIA to educate NRDC members and the public about DOI and DOC's management of the Monument and

16

the decision-making process around rescinding the regulations prohibiting commercial fishing in the Monument. To the extent the Agencies' recommendations impact other marine national monuments beyond Northeast Canyons, NRDC would likely share that information with the public on its website and social channels.

## CLAIMS FOR RELIEF

### First Cause of Action

### Violation of FOIA: Plaintiff's December 2025 Requests to DOC

82.    Plaintiff realleges and incorporates by reference all paragraphs above.

83.    NRDC has a right pursuant to FOIA to receive a full response to its December 2025 requests by the statutory deadlines, which have passed. *See* 5 U.S.C. § 552(a).

84.    NRDC has a right pursuant to FOIA to promptly obtain all requested records that are responsive to the December 2025 requests and are not exempt from disclosure.

85.    DOC violated, and is in continuing violation of, its statutory duty pursuant to FOIA to fully respond to NRDC's December 2025 requests and to release all responsive, non-exempt records to NRDC.

### Second Cause of Action

### Violation of FOIA: Plaintiff's February 2026 Requests to DOC

86.    Plaintiff realleges and incorporates by references all paragraphs above.

17

87.    NRDC has a right pursuant to FOIA to receive a full response to its February 2026 requests by the statutory deadlines, which have passed. *See* 5 U.S.C. § 552(a).

88.    NRDC has a right pursuant to FOIA to promptly obtain all requested records that are responsive to the February 2026 requests and are not exempt from disclosure.

89.    DOC violated, and is in continuing violation of, its statutory duty pursuant to FOIA to fully respond to NRDC's February 2026 FOIA requests and to release all responsive, non-exempt records to NRDC.

### Third Cause of Action

### Violation of FOIA: Plaintiff's February 2026 Request to DOI

90.    Plaintiff realleges and incorporates by references all paragraphs above.

91.    NRDC has a right pursuant to FOIA to receive a full response to its February 2026 request by the statutory deadline, which has passed. *See* 5 U.S.C. § 552(a).

92.    NRDC has a right pursuant to FOIA to promptly obtain all requested records that are responsive to the February 2026 request and are not exempt from disclosure.

93.    DOI violated, and is in continuing violation of, its statutory duty pursuant to FOIA to fully respond to NRDC's February 2026 FOIA requests and to release all responsive, non-exempt records to NRDC.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter a judgment against DOC and DOI:

A.      Declaring that DOC and DOI have violated FOIA by failing to issue determinations on, and to release all non-exempt records responsive to, NRDC's FOIA requests;

B.      Directing DOC and DOI to promptly release to NRDC all responsive, non-exempt records requested by NRDC's December 2025 Requests and February 2026 Requests;

C.      Directing DOC and DOI to produce an index identifying any records or parts thereof that they withhold and the basis for the withholdings, in the event DOC or DOI determine that certain responsive records are exempt from disclosure;

D.      Retaining jurisdiction over this case to rule on any relevant claims concerning the scope of the Agencies' obligations under FOIA;

E.      Awarding NRDC its reasonable costs and attorneys' fees; and

F.      Granting such other relief as the Court deems just and proper.

Dated:  May 7, 2026                    Respectfully submitted,

/s/ Jennifer Friedmann
Jennifer Friedmann (*pro hac vice* forthcoming)*
Natural Resources Defense Council
20 N Wacker Dr., Suite 1600
Chicago, IL 60606
(312) 847-6827
jfriedmann@nrdc.org
*Admitted to practice law in California*

Lauren P. Phillips
Natural Resources Defense Council
40 W. 20th Street, 11th Floor
New York, NY 10011
(212) 727-4415
lphillips@nrdc.org

Jacqueline M. Iwata (*pro hac vice* forthcoming)
Natural Resources Defense Council
1152 15th Street, NW
Washington, DC 20005
(202) 289-6868
jiwata@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council*